SMITH, D. R., Associate Judge.
This case originated as an action in equity' for the rescission of certain contracts and. agreements involving the sale of a retail! electric business. The Plaintiffs, the Appellants herein, were the purchasers, and the-Defendants, the Appellees herein, were the-sellers. The Court entered its final decree-on the 1st day of August, 1956, rescinding-the contracts and agreements between the-parties and provided in its decree that the Plaintiffs restore the Defendants to the-status quo and appointed a special master to take an accounting, with the authority of the special master to rule on the admissi-ibility of the evidence and to make findings-of fact and of law and then to make his-recommendations back to the Court. This-special master, who may be referred to as-Special Master #1, resigned, and then Spel-cial Master #2 was appointed, with the same-authority as Special Master #1. Special-Master #2 heard the testimony and evidence of the parties but died before making-his findings of fact and of law and his recommendations to the Court. Thereafter, by-stipulation of the parties, Special Master #3 was appointed by the Court for the purpose of reviewing the testimony and evidence taken before Special Master #2 and! for the further purpose of hearing the final, argument of the attorneys and then to submit to the Court findings of fact and recommendations. This order appointing Special' Master #3 was entered on the 3rd day of' May, 1960, and thereafter on the 3rd day of May, 1961 this special master’s report: was filed with the Court, and then thereafter on the 15th day of June, 1961 exceptions to-the special master’s report were filed and the Court, after hearing arguments on the-said special master’s report and the exceptions filed thereto, entered on the 13th day of November, 1961 its final decree on exceptions to special master’s report and on accounting between the parties.
*23 No appeal was taken from the final decree entered on the 1st day of August, 1956, which rescinded and cancelled the contracts and agreements between the parties and which provided for the parties being returned to a status quo.
This appeal is taken from the special master’s report and from the final decree entered by the Court upon said report, which decree overruled and denied the exceptions to the special master’s report and which further approved, ratified and confirmed the special master’s report in all respects.
The Appellants set forth numerous assignments of error, many of which are general in nature, but some of which are specific to the extent that they refer to certain definite considerations and conclusions of the Special Master #3.
The Appellees first filed before this Court a motion to dismiss the appeal on the ground that the assignments of error were not made in accordance with Rule 3.5(c) of the Florida Appellate Rules, 31 F.S.A. With this contention we cannot agree, and have heard the arguments of the attorneys on the merits of this appeal and do therefore consider appellees’ motion to dismiss as being denied.
The Appellees further strongly contend that certain assignments of error, as alleged by the Appellants, are a direct attack upon the special master’s report and are not subject to review by the Appellate Court because the Appellate Court reviews only the action of the trial court on the report of a master in equity cases and does not review the action of the master per se. In support of this contention the Appellees cite numerous authorities (with whom we have no disagreement) supporting the following principles of law :
“ T. Where parties consent to a reference to a master for determination, and such reference is entered, as a rule of court, findings of master cannot be set aside at bare discretion of court and are entitled to same weight as verdict of a jury.’
* * * * * *

“ ‘Where special master is appointed by agreement or consent of parties to chancery cause, with authority to make findings of fact, conclusions of law and recommendations, his findings and recommendations should be approved and adopted by chancellor unless clearly erroneous or master has misconceived legal effect of evidence.’ ”

In this case, however, it must be noted that the Chancellor did not hear the testimony and evidence of the parties and, further, that the Special Master '#3 did not hear the testimony and evidence of the parties, nor were either of them ever confronted by any of the witnesses. It can therefore only be concluded that the principles of law, above referred to and contended for by the Appellees, are not applicable in this case. The Special Master #3 in this case could not be considered more than an examiner and it is doubtful that he occupies even the status of an examiner since he did not hear the testimony and evidence of the parties. It has been repeatedly held that “the finding of a chancellor on the testimony taken before an examiner will not be given the same effect as the verdict of a jury, because not based upon testimony of witnesses sworn and testifying before him, and if the evidence so taken before the examiner clearly shows that the conclusions of the chancellor were incorrect, his conclusions will be reversed.” McGill et al. v. Chappelle et al., 71 Fla. 479, 71 So. 836.
This court, therefore, feels free to exercise the prerogative of reviewing the evidence in this case along with the findings and conclusions of the Special Master #3 as ratified and approved by the Chancellor in his final decree.
This review convinces us that the Special Master #3 and the Chancellor are *24 substantially correct in their findings and conclusions. We cannot, however, agree with their figure of $24,976.32 as correctly showing gross profits for the period of January 25, 1955 to November 10, 1956. In this connection it must be noted that the plaintiff-appellants operated the business for the above period of time. That in the interim they opened an electric business across the street from the business which is the subject of this appeal and all assets, including accounts receivables and inventory were transferred to Plaintiff-Appellants’ new business. The special master arrived at the gross profits figure simply by taking the difference between the total cash receipts ($246,831.90) and the total cash disbursements ($221,855.58). No consideration was given to inventories at beginning and end of accounting period or to accounts receivables at beginning and end of accounting period. Consideration for these items must be had before a correct sum for gross profits (before salaries) can be determined. In other words, the inventory decrease during the accounting period and the accounts receivables increase during the accounting period as reflected by the evidence, namely inventory decrease of $7,852.17 and accounts receivable increase of $5,895.52, or the difference between the two sums, would reduce the gross profits sum of $24,976.32 as shown in the Special Master’s Report to the sum of $23,019.67.
The difference between these two figures is the sum of $1,956.65. The judgment of the lower court against the plaintiff-appellants should be reduced by this amount.
We believe the evidence in the case adequately supports all other findings and conclusions, including the assessment of costs, as reported by the special master and as ratified, accepted and approved by the Chancellor.
The decree of the lower court is, therefore, reversed with directions to enter judgment for the defendants-appellees for the sum of $18,971.39 instead of for the sum of $20,928.00.
Reversed in part, affirmed in part and remanded with directions.
SHANNON, C. J., and ALLEN, J., concur.